## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SCOTT MYERS,** | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 23-00365-KD-MU |
| **SHERIFF PAUL BURCH; MS. JACKSON,** Chaplain's Administrative Assistant; **SAM HOUSTON,** Jail Administrator, and **JOHN DOE,** Chaplain, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This action, brought under 42 U.S.C. § 1983, originally arises from Plaintiff Scott Myers' challenges to his conditions of confinement at the Mobile County Metro Jail ("the jail"), where he is currently being held as a pretrial detainee. (See Doc. 1). Plaintiff alleges unconstitutional conditions which include overcrowding, lack of hygiene, and the lack of edible food. As to the latter, Plaintiff, an Orthodox Jew, alleges the jail will not provide him with Kosher meals, such that he is suffering malnutrition, hunger pains, headaches, and is compromised from accepting a plea bargain that would be deemed as voluntary because he is "a starving defendant." (Id., p.1).

Plaintiff has now filed an "Emergency Motion for Temporary Restraining Order and to Set Hearing for Preliminary Injunction." (Doc. 3, signed October 1, 2023). Myers seeks the Court's intervention saying that the jail continues to provide him a vegetarian diet - but not a Kosher diet. (Id., p. 2). Plaintiff specifically asserts that the meals provided by the jail during Shabbat (from sunset Friday to sunset Saturday) are not Kosher because they are heated, and a Kosher diet prohibits consuming "anything artificially heated" during Shabbat (Id.) He insists he will suffer significant harm without a temporary restraining order, including the physical consequences of

being without food, legal consequences of possible receiving a longer sentence than currently being offered,[1] and forcing Plaintiff to accept a "spiritual death" by eating the unclean food.

A temporary restraining order ("TRO") may be granted without notice if

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) the movant[ ] . . . certifies in writing any efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b)(1).

*Ex parte* relief is to be granted sparingly. "The stringent restrictions imposed . . . by Rule 65, on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423, 438–39, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974).

Though Plaintiff makes serious allegations, his request falls short of meeting the prerequisites for the exceptional remedy of a temporary restraining order. The requirements of a temporary restraining order are very specific. Although Plaintiff has certified in writing his efforts to give notice, he has not submitted his facts showing immediate and irreparable injury in an affidavit or a verified complaint signed under the penalty of perjury. Therefore, Plaintiff's request for a temporary restraining order is **DENIED**.

However, Plaintiff also moved the Court to "set the matter of a preliminary injunction for hearing" (Doc. 3, p. 6). The Court construes the request as a motion for preliminary injunction.

---

[1] According to Plaintiff an "advantageous" plea offer is currently pending in his criminal case but that "no court will allow [him] to enter a plea while the state is simultaneously denying Plaintiff adequate food. . . ." (Doc. 3, p. 2).

Accordingly, **Defendants** shall file any **response** on or before **12:00 noon on Tuesday, October 24, 2023**. The Motion is set for **hearing** on **Wednesday, October 25, 2023, at 11:00 a.m.** in Courtroom 4B of the United States Courthouse, 155 St. Joseph Street, Mobile, Alabama 36602.

The Clerk is directed to issue the appropriate writ of habeas corpus for production of Plaintiff Myers at the preliminary injunction hearing.

The Clerk is directed to provide a copy of this order and the accompanying writ of habeas corpus to the U.S. Marshal.

The Clerk is directed to mail a copy of the complaint, the motion, and this Order, by certified mail and first class mail, to Plaintiff Myers at the Mobile County Metro Jail, P.O. Box 104, Mobile, Alabama, 36601 and to the Defendants at the Mobile County Sheriff's Office, P. O. Box 113, Mobile, Alabama, 36601. Fed. R. Civ. P. 65(a) ("The Court may issue a preliminary injunction only on notice to the adverse party.").

DONE and ORDERED this 20th day of October 2023.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE