UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT MYERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-00365-KD-MU ) |
| SHERIFF PAUL BURCH; MS. JACKSON, Chaplain's Administrative Assistant; SAM HOUSTON, Jail Administrator; and JOHN DOE, Chaplain, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

This action is before the Court on Plaintiff Scott Myers' Second Motion for Temporary Restraining Order and/or Preliminary Injunction (doc. 24).[1] Myers, an Orthodox Jew, argues that the Defendants previously represented to the Court that they would provide him only Kosher meals but have failed to do so. He also argues that Defendants failed to provide adequate cell space for prayer or Jewish religious services, adequate access to exercise facilities, or adequate cleaning supplies. Myers requests injunctive relief as to these issues.

Since Myers gave notice to the Defendants (doc. 24, p. 14, Certificate of Service), the Motion is treated as one for a Preliminary Injunction. See Fed. R. Civ. P. 65(a) and (b); Eknes-Tucker v. Governor of Alabama, 80 F. 4th 1205, 1214, n.4 (11th Cir. 2023) ("The motion is styled as a 'motion for a temporary restraining order and/or preliminary injunction.' However, because

---

[1] Myers also filed a "Motion to Set Hearing and Notice of Continuing Deficiencies" (doc. 21). Myers asked the Court to set another preliminary injunction hearing and "if necessary, to reopen the issue, pursuant to Rule 60, Fed. R. Civ. P., or deem this motion as a second motion for preliminary injunctive relief" (Id.). Myers raises substantially the same issues and arguments in his Second Motion (doc. 24). Accordingly, the Motion (doc. 21) is MOOT.

Alabama received notice of the request for injunctive relief, the motion subsequently was addressed only as a motion for preliminary injunction.").

Myers brought his complaint pursuant to 42 U.S.C. § 1983, but he did not identify which rights, privileges, or immunities secured by the Constitution and laws were being deprived by the Defendants' action.[2] Since he argues that he is not receiving Kosher meals and his cell is too crowded for prayer, he appears to assert that his rights under the First Amendment have been deprived. He also argues he is not receiving adequate exercise or cleaning supplies which appears to be an allegation of deprivation of rights under the Eighth Amendment's prohibition on cruel and unusual punishment, which applies to pretrial detainees by way of the Fourteenth Amendment.

To obtain a preliminary injunction, Myers must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citing Ingram v. Ault, 50 F. 3d 898, 900 (11th Cir. 1995). Preliminary injunctive relief is "'an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to all four elements.'" Moore v. Dooly SP Warden, No. 22-10453, 2023 WL 5927138, at *7 (11th Cir. Sept. 12, 2023) (quoting Horton v. City of St. Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001)).

Thus, Myers must ultimately make a substantial showing as to all four elements to obtain preliminary injunctive relief. However, at present, **Myers** shall file an **amended Motion**, on or before **December 29, 2023,** and explain how the Defendants' alleged conduct will cause him irreparable injury if relief is not granted. See Dejerinette v. Burch, 2019 WL 4862193 (N.D. Fla.

---

[2] Myers does allege that Ms. Jackson's conduct – preventing him from receiving Kosher meals - has burdened his "free exercise" of "Judaic beliefs" (doc. 4, p. 7).

2019) *report and recommendation adopted sub nom.* <u>DeJerinett v. Captain</u>, 2019 WL 4861898 (N.D. Fla. Oct. 1, 2019) (finding unintentional deprivation of religious diet for twelve days was an inconvenience but not a substantial burden on the exercise of religion); <u>Marshall v. Florida Department of Corrections</u>, 2011 WL 1303213 (S. D. Fla. 2011) ("Second, the substantial threat that [Marshall] says that he faces is that 'the slightest morsel of forbidden foods taints not only the body but the soul itself.' [ ]. But Plaintiff has not addressed Defendants' arguments that at least some Kosher food is available at Everglades Correctional Institution for inmates who elect to follow a Kosher diet.")

Accordingly, **Defendants** shall file their **response** on or before **January 12, 2024**.

The Clerk is directed to mail a copy of this Order, by first-class mail, to Plaintiff Myers at the Mobile County Metro Jail, P.O. Box 104, Mobile, Alabama, 36601.

DONE and ORDERED this 7th day of December 2023.

<u>s/ Kristi K. DuBose</u><br>
KRISTI K. DuBOSE<br>
UNITED STATES DISTRICT JUDGE