UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT MYERS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 23-00365-KD-MU |
| | ) |
| SHERIFF PAUL BURCH; MS. JACKSON, | ) |
| Chaplain's Administrative Assistant; | ) |
| SAM HOUSTON, Jail Administrator; and | ) |
| JOHN DOE, Chaplain, | ) |
| | ) |
|     Defendants. | ) |

### ORDER

This action is before the Court on Plaintiff Scott Myers' Amended Second Motion for Preliminary Injunction (doc. 27),[1][2][3] Myers' documents in support (docs. 30, 31, 32) and Defendants' response (doc. 29), and Myers' Second Emergency Application for Temporary Restraining Order (doc. 33), Defendants' response (docs. 37, 37-1, 37-2, 37-3) and Myers' replies (docs. 38, 40).

Myers, an Orthodox Jew, argues that Defendants previously represented to the Court that they would provide Kosher meals, and have done so in part, but failed to provide Kosher meals that are prepared and served pursuant to and meet the highest standard for Orthodox Jews. The Motions

---

[1] Myers' Second Motion for Temporary Restraining Order and/or Preliminary Injunction (doc. 24) is MOOT by filing the Amended Second Motion.

[2] Myers' Motion for Production of Documents Relative to Preliminary Injunction (doc. 28) and Motion for Limited Discovery Relating to Request for Preliminary Injunction (doc. 42) are DENIED.

[3] Myers' Renewed Motion to Set Matter of Preliminary Injunction for Hearing (doc. 43) is MOOT. The Motion was heard on February 22, 2024.

were heard on February 22, 2024. Defense counsel, the Jail Administrator, and the Food Service Director were present in Court. Myers appeared by video.

To obtain a preliminary injunction or a temporary restraining order, Myers must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citing Ingram v. Ault, 50 F. 3d 898, 900 (11th Cir. 1995). Preliminary injunctive relief is "'an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion as to all four elements.'" Moore v. Dooly SP Warden, No. 22-10453, 2023 WL 5927138, at *7 (11th Cir. Sept. 12, 2023) (quoting Horton v. City of St. Augustine, 272 F.3d 1318, 1326 (11th Cir. 2001)).

Thus, Myers must ultimately make a substantial showing as to all four elements to obtain preliminary injunctive relief. Upon consideration of his Motions, the direct testimony and cross-examination at the hearing, and the parties' respective arguments, and for reasons specifically set forth on the record, the Court finds that Myers has not met his burden. He failed to show a substantial likelihood of success on the merits and failed to show that an irreparable injury would be suffered if the injunctive relief was not granted. Accordingly, the Amended Second Motion for Preliminary Injunction (doc. 27) and the Second Emergency Application for Temporary Restraining Order (doc. 33), are DENIED.

The Clerk is directed to mail a copy of this Order, by first-class mail, to Plaintiff Myers at the Mobile County Metro Jail, P.O. Box 104, Mobile, Alabama, 36601.

DONE and ORDERED this 12th day of March 2024.

                             s/ Kristi K. DuBose
                             KRISTI K. DuBOSE
                             UNITED STATES DISTRICT JUDGE