IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SCOTT MYERS, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| vs. ) | CIV. A. NO. 23-00365-KD-MU |
| ) | |
| SHERIFF PAUL BURCH, ) | |
| ) | |
|    Defendant. ) | |

### ORDER GRANTING LEAVE TO AMEND COMPLAINT

Before the Court is Plaintiff Scott Myers's Motion for Leave to Amend Complaint. (*See* Doc. 25). For the reasons stated below, the motion is **GRANTED**. Plaintiff Myers is **ORDERED** to file an amended complaint on the Court's form by **June 17, 2024**.

### I. Background

Plaintiff, proceeding without an attorney, filed an amended complaint under 42 U.S.C. § 1983 on September 30, 2023, alleging that conditions of his confinement at the Mobile County Metro Jail ("the jail") have violated his constitutional rights. (Doc. 4). Plaintiff's allegations can be narrowed to three main claims: (1) that he is being denied kosher meals in compliance with his Jewish faith and religious beliefs, (2) that he has been denied adequate clothing and is left "without any clothes" while supervised by female staff for eight (8) hours each week while laundry is done, and (3) that he is being confined in an overcrowded cell with no room "to extend his legs, causing . . . cramps, or being tripped over, or kicked inadvertently by a sleeping inmate." (*Id*. at 4-6). Plaintiff is suing Paul Burch (Sheriff of Mobile County, Alabama), Ms. Jackson (Administrative Assistant to the Chaplain), the Chaplain at the jail, and Sam Houston (Administrator)

and requests declaratory and injunctive relief, including certified, prepackaged Kosher meals, sufficient clothing to remain dressed at all times, housing space that allows for at least 10 square feet for each inmate (not including the space for furniture), monetary damages, costs and fees, and any other relief the Court finds just.

On November 29, 2023, Plaintiff filed a motion for leave to file an amended complaint, seeking to add as defendants the jail "food service staff" and the "County Commission as owners of the Metro Jail." (Doc. 25). According to Plaintiff, "additional incidents continue to occur." He requests leave to add these incidents and defendants.

## II. Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to pleadings. Leave to amend under 15(a)(2) should be freely given "when justice so requires" except in the presence of countervailing factors. *See, e.g., Foman v. Davis*, 371 U.S. 178, 182 (1962); *Bartronics, Inc. v. Power-One, Inc.*, 245 F.R.D. 532, 534 (S.D. Ala. 2007). As to countervailing factors, courts "may consider several factors ... including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340–1341 (11th Cir. 2014). Generally, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" *City of Miami v. Bank of America Corp.*, 800 F. 3d 1262, 1286 (11th Cir. 2015) (citation omitted). However, amendment is properly denied where the moving party acted with "undue delay," where amendment would cause "undue prejudice to the opposing party," or "where amendment would be

futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court[.]" *Foman*, 371 U.S. at 182.

### III. Discussion

Review of Plaintiff's motion shows that he is attempting to add claims that relate to those in his current complaint, namely the denial of Kosher meals and overcrowding at the jail. Because his complaint has yet to be served on Defendants and there is no evidence of undue delay or bad faith on his part, Plaintiff is granted leave to amend the complaint.

In filing his amended complaint, Plaintiff must:

1. List each defendant separately and fully describe the specific claim being asserted against each particular defendant.

2. Provide facts that describe what **each** defendant did (or failed to do) that violated his constitutional rights. Plaintiff should set forth dates and times where possible.

3. Describe all injuries and damages caused by the defendants.

4. Clearly state the relief requested from this Court. For example, whether he wants to be compensated in money and/or whether he wants an order from the Court ordering a party to take a particular action or to refrain from a particular action.

5. Use separate sheets of paper, as necessary, and write as clearly as possible, stating the facts in clear sentences.

So that Plaintiff can clarify the claims in his complaint, the Court will send him another § 1983 complaint form. If Plaintiff files an amended complaint, it will replace the present complaint. Therefore, Plaintiff shall not rely on the present complaint or refer to it, as the present complaint will be replaced. *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006). Plaintiff is advised that the Court will

conduct a preliminary review of the amended complaint, pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B), prior to service on the defendants, and the complaint will be dismissed and not served if it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915(e)(2)(B)(i-iii). Accordingly, Plaintiff should plead sufficient factual content that allows the Court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. Conclusion

Plaintiff's Motion for Leave to Amend is **GRANTED**. Plaintiff is **ORDERED** to file his amended complaint on or before **June 17, 2024**. If Plaintiff fails to timely file an amended complaint on this Court's § 1983 complaint form, the undersigned will recommend that this action be dismissed for failure to prosecute and comply with the Court's order.

The Clerk is **DIRECTED** to send Plaintiff the Court's form for a prisoner complaint under 42 U.S.C. § 1983, as well as a copy of his amended complaint (Doc. 4).

**DONE** and **ORDERED** this **14th** day of **May**, **2024**.

                                              **/s/P. BRADLEY MURRAY**
                                              **UNITED STATES MAGISTRATE JUDGE**